O

# United States District Court
# Central District of California

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                  Plaintiff,<br><br>      v.<br><br>DAVID BOYD, individually; DAVID BOYD as trustee of ANCESTRAL ACQUISITIONS TRUSTS; All Persons and Entities Known or Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Real Property Described in the Complaint Adverse to Plaintiff's Interest or Any Cloud on Plaintiff's Interest; and DOES 1–25, inclusive,<br><br>                  Defendants. | Case No. 2:14-cv-03427-ODW(RZx)<br><br>**ORDER DENYING DEFENDANT DAVID BOYD'S MOTION TO DISMISS [10]** |

## I.    INTRODUCTION

In this action, Plaintiff Federal National Mortgage Association ("Fannie Mae") seeks to clear title to real property that it now owns as a result of a non-judicial

foreclosure sale.  Before the Court is a Motion to Dismiss filed by Defendant David Boyd, who has opted to represent himself in this action.  (ECF No. 10.)  For the reasons discussed below, the Court **DENIES** Boyd's Motion to Dismiss.[1]

## II.     FACTUAL BACKGROUND

Fannie Mae filed the Complaint on May 2, 2014, bringing claims for (1) cancellation of instruments, (2) quiet title, (3) slander of title, and (4) injunctive relief.  (ECF No. 1.)  This Court's subject-matter jurisdiction is based on diversity jurisdiction under 28 U.S.C. § 1332.

The Complaint's allegations concern title issues relating to real property located at 5510 Wilton Place, Los Angeles, California 90062 ("the Wilton Property").  (Compl. ¶ 8.)  Fannie Mae alleges full ownership of the Wilton Property as the result of a non-judicial foreclosure sale conducted on April 27, 2010, and a Trustees Deed Upon Sale, which was recorded on April 30, 2010.  (*Id.* ¶ 9.)  But according to Fannie Mae, Defendants and their agents have clouded title to the Wilton Property by recording several fraudulent documents in the Los Angeles County Recorder's Office.

Fannie Mae alleges that after it foreclosed on the Wilton Property, Juanita Everline—without any right to the property whatsoever—recorded a Grant Deed, reportedly transferring title from Everline to Ancestral Acquisitions Trust.  (*Id.* ¶10.)  The Grant Deed was dated October 6, 2010, and recorded October 8, 2010.  (*Id.*)  Defendant David Boyd, as trustee of Ancestral Acquisitions Trust, then allegedly executed a Grant Deed from the trust to himself.  (*Id.* ¶ 11.)  The Grant Deed was dated June 15, 2012, and recorded on June 18, 2012.  (*Id.*)

In 2012, Boyd also allegedly retained David Alan Boucher[2] to further help him fraudulently obtain title to the Wilton Property.  (*Id.* ¶ 12.)  Together Boyd and

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

[2] According to Fannie Mae, Boucher recently passed away while incarcerated and facing felony fraud charges for fraudulently recording documents and unauthorized use of the names of lending institutions.  (*See* Opp'n 3, n.3; San Bernardino Cnty. Sup. Ct., Criminal Case No. FSB1203845.)

Boucher allegedly recorded a transfer of a Grant Deed from Federal Home Loan Mortgage Corporation to Ancestral Acquisitions Trust dated February 22, 2012. (*Id.*) This Grant Deed was recorded on August 1, 2012, and signed by Boucher as "authorized representative" of Federal Home Mortgage Corporation. (*Id.*) On November 13, 2012, Boyd then executed another Grant Deed from Boyd to Ancestral Acquisitions Trust, which was recorded on November 27, 2012. (*Id.* ¶ 13.)

Finally, according to the Complaint, Boyd—in his capacity as trustee of Ancestral Acquisitions Trust—executed a Grant of Lien from Ancestral Acquisitions Trust to himself dated November 13, 2012. (*Id.* ¶ 14.) This Grant of Lien was recorded on December 3, 2012, and purportedly encumbered the Wilton Property in favor of Boyd in the amount of $61,275.00. (*Id.*; RJN Ex. F.)

Fannie Mae alleges that the existence of the Grant Deeds and Lien described above have impaired Fannie Mae's ability to sell the Wilton Property. Fannie Mae has also incurred costs in attempting to clear title to the Wilton Property.

On May 29, 2014, Boyd filed the present Motion to Dismiss. (ECF No. 10.) Despite several procedural deficiencies with the Motion, the Court accepted it for filing since Boyd is unrepresented by counsel. Fannie Mae timely opposed the Motion, which is now before the Court for decision.

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter,

///

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Boyd's Motion is hard to follow and at points appears to contain nothing more than gibberish. However, the Court gleans three arguments from the Motion: (1) that Fannie Mae did not acquire title to the Wilton Property, but rather only a lien against the property; (2) that Fannie Mae cannot "possess real property"; and (3) that this Court lacks jurisdiction to hear the case. While Boyd contends that these three arguments support dismissal of the Complaint, the Court disagrees.

In the Motion, Boyd references California Civil Code section 2924f to argue that Fannie Mae only acquired a lien at the non-judicial foreclosure sale. But Boyd misinterprets and misunderstands section 2924f. The language cited by Boyd in the Motion is merely language that is required to be included in a Notice of Trustee's Sale so that prospective bidders understand that there may be liens senior to the lien being foreclosed. This is a non-issue here because, as alleged in the Complaint, Fannie Mae foreclosed on a first priority deed of trust—the most senior lien on the property—and took title to the Wilton Property free and clear of all claims or more junior liens, if any. To the extent that Boyd disputes the priority of the lien foreclosed upon by Fannie Mae, Boyd goes beyond the scope of a motion to dismiss by disputing the factual allegations in the Complaint.

Boyd next argues that Fannie Mae does not have the ability to "possess real property;" thus, Fannie Mae cannot bring suit to uncloud title to the property. But this assertion is simply untrue. Fannie Mae's powers are found under 12 U.S.C. § 1723a and include the ability to enter into contracts and to own and dispose of real property.

Finally, at various points in the Motion, Boyd makes reference to this Court's jurisdiction, or lack thereof. In its Opposition, Fannie Mae construes these references as Boyd disputing the validity of a prior unlawful detainer action. However, the Court finds that Boyd is disputing the jurisdiction of this Court to adjudicate the claims in the Complaint. The problem with Boyd's arguments are that they are premised on questions of state-court jurisdiction—specifically whether the action is subject to limited jurisdiction, which places a $25,000 cap on the amount in controversy. Since this action is before a federal district court, Boyd's arguments are simply inapplicable here. This Court has subject-matter jurisdiction based on diversity under 28 U.S.C. § 1332. Fannie Mae alleges that it is a citizen of the District of Columbia, while Defendants are citizens of California. The amount in controversy is alleged to exceed $75,000. Therefore, the Court is satisfied that the jurisdictional requirements to hear the case are met.

## V. CONCLUSION

The Court has reviewed the Complaint and finds that the allegations meet the pleading requirements set forth under Rule 8. For the reasons discussed above, the Court **DENIES** Boyd's Motion to Dismiss. (ECF No. 10.) Boyd shall answer the Complaint **within 14 days of the date of this Order**.

If Boyd has any doubt concerning law or procedure, he should consult an attorney. If he cannot afford an attorney, he is hereby advised that there is a Federal Pro Se Clinic located in the United States Courthouse at 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays starting at 9:30 a.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who

are representing themselves in federal civil actions.  Boyd is encouraged to visit the clinic for advice concerning his case.

**IT IS SO ORDERED.**

July 16, 2014

```
                        _____
                              OTIS D. WRIGHT, II
                        UNITED STATES DISTRICT JUDGE
```