O

# United States District Court
# Central District of California

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>            Plaintiff,<br><br>       v.<br><br>DAVID BOYD, individually; DAVID BOYD as trustee of ANCESTRAL ACQUISITIONS TRUSTS; All Persons and Entities Known or Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Real Property Described in the Complaint Adverse to Plaintiff's Interest or Any Cloud on Plaintiff's Interest; DOES 1–25, inclusive,<br><br>            Defendants. | Case No. 2:14-cv-03427-ODW(RZx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS ANSWER AND COUNTERCLAIM WITH LEAVE TO AMEND [21]** |

In this action, Federal National Mortgage Association ("Fannie Mae") seeks to clear title to real property that it now owns as a result of a non-judicial foreclosure sale.  Defendant David Boyd has been sued as an individual and as a trustee of

Ancestral Acquisitions Trusts. Boyd is in default as trustee for failing to obtain counsel, but he continues to represent himself as an individual in this action. (*See* ECF No. 25.) On July 16, 2014, this Court denied a Motion to Dismiss filed by Boyd. (ECF No. 15.) Boyd subsequently filed an Answer and Counterclaim on July 30, 2014. (ECF No. 17.) Before the Court is Fannie Mae's Motion to Dismiss the Answer and Counterclaim under Rule 12(b)(6). (ECF No. 21.)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement that the pleader is entitled to relief, which includes "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000). All preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like must be eliminated. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Simply put, a court should be able to read and understand the pleading within minutes. *Id.* at 1177. Rule 8(b), which governs answers, similarly requires a party to "state in short and plain terms its defenses to each claim asserted" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

Although courts are required to give pro se parties some leniency in terms of procedure, a party must still adequately plead his claims. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). A pleading that is unintelligible serves no purpose; but more importantly, it fails to perform the essential functions of pleading— to put the opposing party on fair notice of claims and defenses. *McHenry*, 84 F.3d at 1180; *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

Here, as Fannie Mae argues, Boyd's Answer and Counterclaim contains no denials of the allegations in the Complaint. The Court finds that the purported pleading is largely unintelligible, containing little more than vague ramblings about the property at issue as well as pages of copied statutory language. Boyd appears to be alleging that various California statutes are unconstitutional, but the Court cannot

discern whether these form the basis of his purported counterclaim. In the Prayer for Relief, Boyd appears to seek declaratory relief on his status as a lien holder and that the foreclosue is void. Boyd also asks that the Complaint be dismissed—something the Court has already considered and denied. Consequently, the Court cannot decipher Boyd's allegations or apparent responses to the Complaint. Fannie Mae must be able to respond to any counterclaims filed by Boyd and must be on notice of affirmative defenses that Boyd intends to pursue. But that is an impossible task based on Boyd's filing.

The Court cannot accept the document filed by Boyd as either an answer or counterclaim. Even taking a lenient approach, the Court finds that Boyd's Answer and Counterclaim fails to comply with Rule 8(a) and (b). Accordingly, the Court **GRANTS** Fannie Mae's Motion to Dismiss and **DISMISSES** Boyd's Answer and Counterclaim **WITH LEAVE TO AMEND**. (ECF No. 21.) Boyd may file an amended answer and amended counterclaims **within 21 days** of the date of this Order.

The Court once again advises Boyd that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, onsite information and guidance to individuals who are representing themselves in federal civil actions. For more information, Boyd may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los Angeles" or contact Public Counsel at 213-385-2977, extension 270.

**IT IS SO ORDERED.**

October 8, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**